Filed 3/1/24  P. v. Wilson CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ZEBEDEE WILSON, JR.,<br><br>    Defendant and Appellant. | E080689<br><br>(Super. Ct. No. FSB21001182)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Cheryl C. Kersey, Judge.  Affirmed.

Deanna L. Lopas, by appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, and Melissa Mandel, Supervising Deputy Attorneys General for Plaintiff and Respondent.

1

# INTRODUCTION

Defendant and appellant Zebedee Wilson, Jr., appeals from the trial court's February 9, 2023 ruling on a petition revoking probation, which terminated his probation and imposed the upper term of three years in state prison after defendant violated his probation for a second time. The execution of the three-year sentence had previously been suspended pursuant to a plea agreement.

However, after the plea agreement, effective January 1, 2022, Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) (2021-2022 Reg. Sess.) became effective and altered the circumstances under which the upper term could be imposed. Defendant now seeks resentencing based on this change in law.

The People do not dispute the bill's retroactivity. They instead argue that defendant is not entitled to resentencing because he failed to raise the issue at the February 9, 2023 hearing, despite the new law being in effect for over a year by that time; and urge this court to adopt the position that Senate Bill No. 567 would, nonetheless, be inapplicable to sentences imposed under stipulated plea agreements. We agree that defendant has forfeited his claim and therefore affirm the trial court's execution of the sentence.

This court acknowledges the current split in authority on the issue of whether Senate Bill No. 567 affects stipulated pleas, as well as the fact that our Supreme Court has taken the question under review. (*People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted Dec. 14, 2022, S277314 (*Mitchell*).) Because we hold that defendant's

claim has been forfeited, we decline to express a position on this dispute except to note that, regardless of the Supreme Court's decision, defendant's appeal would be unsuccessful.

## FACTUAL AND PROCEDURAL HISTORY

In 2021 defendant pled "no contest" to one count of violating Vehicle Code section 2800.2, subdivision (a), i.e., evading a peace officer while driving with a willful disregard for others' safety. According to his plea agreement, defendant consented to the imposition of the "upper term of three years." At the settlement conference, the trial court suspended the execution of the sentence and instead ordered defendant to serve two years of probation.

About one year later, the trial court found that defendant had violated the terms of his probation by failing to report as required. The court nevertheless reinstated probation but, not even a year later, found that defendant had violated probation again. After this second violation, the court revoked probation altogether and ordered defendant to serve the original sentence. Defendant has timely appealed this order.

## DISCUSSION

A.    SENATE BILL No. 567

At the time that defendant originally pled no contest and agreed to the upper term sentence of three years, Penal Code[1] section 1170, former subdivision (b) "vested the court with 'sound discretion' to simply weigh circumstances in aggravation or mitigation,

---

[1] Subsequent undesignated statutory references are to the Penal Code.

and any other relevant factors, and then impose any of the three prescribed terms (low, middle, or high)" of a sentencing triad. (*People v. Salazar* (2023) 15 Cal.5th 416, 426.)

As it now reads, "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." (§ 1170, subd. (b)(1).) Paragraph (2) then provides that the court: "[M]ay impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

In other words, "[i]f the trial court concludes that there are no circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, it cannot impose the upper term." (*People v. Todd* (2023) 88 Cal.App.5th 373, 381 review granted Apr. 26, 2023, S279154 (*Todd*).)

"[W]here the court imposes sentence but suspends its execution, that sentence constitutes only a provisional or conditional judgment, the finality of which depends on the outcome of the probationary period." (*People v. Lopez* (2020) 57 Cal.App.5th 409, 414 (*Lopez*).) As such, "a suspended execution sentence is not final" (*People v. Esquivel* (2021) 11 Cal.5th 671, 680); and "because these amendments made ameliorative changes to the law, they apply retroactively to all cases that were not final as of their effective date, January 1, 2022" (*People v. Achane* (2023) 92 Cal.App.5th 1037, 1042 (*Achane*)).

4

As we have alluded, the courts disagree as to whether Senate Bill No. 567 applies to sentences which were imposed pursuant to a stipulated plea agreement. The published opinions are evenly divided on the issue: the Fifth District and Division Five of the First District have held in *People v. Sallee* (2023) 88 Cal.App.5th 330, review granted April 26, 2023, S278690, and *Mitchell*, *supra*, 83 Cal.App.5th 1051, respectively, that Senate Bill No. 567 does not apply to stipulated pleas because the trial courts exercise no discretion when entering a sentence based on a plea deal. The Sixth District and Division One of the First District have held in *Todd*, *supra*, 88 Cal.App.5th 373 and *People v. Fox* (2023) 90 Cal.App.5th 826, respectively, that, pursuant to *People v. Stamps* (2020) 9 Cal.5th 685, the new law does apply to stipulated pleas because the trial court has "broad" discretion to approve of the plea agreement. (*Id*. at p. 708) The split in authority hangs on the question of whether, when imposing a sentence pursuant to a stipulated plea, the courts are exercising the type of "discretion" contemplated by section 1170.

Defendant, who is serving the upper term, argues he is entitled to resentencing under the new law. The People do not dispute defendant's contention that his sentence was not final when the amendment went into effect. The issue instead is that when the trial court ordered defendant to serve his term of imprisonment, Senate Bill No. 567 was already in effect—yet defendant failed to raise it.

B.      THE DOCTRINE OF FORFEITURE

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on

5

appeal." (*In re Sheena K.* (2007) 40 Cal.4th 875, 880 (*Sheena*).)  This rule has been applied to a defendant's failure to object to an imposition of the upper term that did not comply with Senate Bill No. 567's new requirements.  (*People v. Anderson* (2023) 88 Cal.App.5th 233, 241-242, review granted Apr. 19, 2023, S278786.)

But, as defendant notes, an exception to forfeiture is made "for a so-called unauthorized sentence or a sentence entered in excess of jurisdiction."  (*Sheena*, *supra*, 40 Cal.4th at pp. 886-887.)

Here, defendant concedes that he did not raise the issue of the amendment to section 1170 at the hearing on the order which he now appeals, despite Senate Bill No. 567 by then being in effect for over a year.  Nevertheless, he argues that his omission qualifies for an exception to forfeiture because his sentence was "not authorized."

*UNDER DEFENDANT'S OWN THEORY OF RELIEF, THE UPPER TERM WAS NOT AN "UNAUTHORIZED SENTENCE"*

The Supreme Court has defined unauthorized sentences as those that "could not lawfully be imposed under any circumstance in the particular case."  (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).)  "These cases generally involve pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court."  (*People v. Welch* (1993) 5 Cal.4th 228, 235.)  Thus, while the Supreme Court acknowledged in *Scott*, that "an unauthorized sentence commonly occurs where the court violates mandatory provisions governing the length of confinement," it held that "sentences which, though otherwise permitted by law, were imposed in a procedurally or

6

factually flawed manner" do not fall under this definition and are therefore waivable. (*Id.* at p. 354)

The First District has already ruled on substantially similar facts. In *Achane*, *supra*, 92 Cal.App.5th 1037, the defendant "was initially placed on probation with execution of an imposed sentence suspended and subsequently ordered to serve the previously imposed sentence upon revocation of probation." (*Id*. at p. 1042.) This defendant, too, sought resentencing under Senate Bill No. 567. But the First District noted that the amendment "had already been in effect for almost seven months by the time he was ordered to serve the prison sentence imposed in 2020. Achane could have asked the trial court at the sentencing hearing on July 28, 2022, to apply the section 1170 amendments retroactively to the 2020 upper term sentence, but he did not do so . . . . Achane is not entitled to resentencing because he forfeited his objection to the sentence imposed in 2020." (*Achane* at p. 1043.)

Here, Senate Bill No. 567 had been in effect for over 13 months by the time defendant was ordered to serve his prison sentence. Therefore, like the defendant in *Achane*, defendant's failure to request the application of the new sentencing laws was a forfeiture of his appellate claim. Further, we hold that defendant's sentence does not qualify for the unauthorized sentence exception.

7

We agree with *Achane's* holding and add[2] that, if we accept defendant's own argument that Senate Bill No. 567 applies to his stipulated plea, then the trial court's imposition of the upper term could never be an unauthorized sentence sufficient to relieve defendant from forfeiture. This is because the implicit basis of defendant's appeal is the trial court's alleged failure to consider the existence of aggravating factors before executing the upper term sentence. It follows that, under defendant's theory, even if the case were remanded for resentencing, as long as the trial court employed its discretion and determined that "at least one aggravating factor is properly established by admission, finding beyond a reasonable doubt or certified record of conviction," it could still impose the upper term. (*Achane*, *supra*, 92 Cal.App.5th at p. 1044.) Under this logic, the imposition of the upper term is *not* the type of sentence that "could not lawfully be imposed under any circumstance in the particular case." (*Scott*, *supra*, 9 Cal.4th at p. 354.) If the trial court properly exercises it discretion, the upper term could certainly be imposed. It is hence, by definition, *not* an unauthorized sentence.

It follows, too, under defendant's own theory, that this claim does not qualify for the unauthorized sentence exception because it cannot be resolved without referencing the factual findings in the sentencing record. Recall that the dispute over whether Senate Bill No. 567 applies to stipulated pleas currently hinges on whether a court exercises

---

[2] *Achane* addressed a similar contradiction in that it rejected defendant's argument that he was both entitled to relief from forfeiture because an objection would have been futile due to the trial court's lack of authority to "order a lesser sentence" (*Achane*, *supra*, 92 Cal.App.5th at p. 1043), yet simultaneously entitled to a retroactive application of Senate Bill No. 567 because his sentence was not final when Senate Bill No. 567 became effective.

"discretion" when imposing the agreed upon sentence. In countering the People's argument that Senate Bill No. 567 should *not* apply to stipulated pleas, defendant necessarily contends that a court *does* exercise its discretion when imposing a sentence pursuant to a plea agreement; if the trial court had no such discretion, then it could not consider any aggravating factors. But if, as defendant suggests, the trial court's decision to impose the upper term was an exercise of its sentencing discretion, then the decision needed to have been based on an evaluation of the facts; a sentence is not unauthorized if the reviewing court would be required to "substitute its reasons for those omitted or misapplied by the trial court," or "reweigh valid factors bearing on" the trial court's sentencing decision. (*Scott*, *supra*, 9 Cal.4th at p. 355.) Thus, if the imposition of the upper term is an exercise of discretion, then the unauthorized sentence exception cannot apply.

Defendant, of course, cannot take the People's approach and argue that the trial court had *no* discretion to impose a sentence other than that to which the parties already agreed. This would require the conclusion that defendant is ineligible for relief under Senate Bill No. 567.

He therefore relies on the more subtle holding of *Lopez*, *supra*, 57 Cal.App.5th 409. In *Lopez*, the Sixth District ruled on the merits of the defendant's claim that he was entitled to resentencing, pursuant to a statutory amendment that changed his underlying crime from a felony to a misdemeanor. The defendant in *Lopez* could have raised this issue by appealing an earlier order that had terminated his probation. (*Id*. at p. 416.)

9

Despite this omission, the Sixth District found it "appropriate to reach the merits of the issue here regardless of any previous failure to raise it. As defendant was punished under a statute the Legislature has since deemed unfair, that outcome should not stand if it can properly be avoided." (*Ibid*.)

Defendant cites *Lopez* for the proposition that the court "must" avoid upholding punishments that the Legislature has "since deemed unfair," regardless of his failure to raise it prior to appealing, but this overstates *Lopez*'s conclusion. The court in *Lopez* at no point held that the defendant did not forfeit his claim, nor did it decide that relief from forfeiture is mandatory when a sentence no longer adheres to a statute. It merely noted that "application of the forfeiture rule is not automatic" because the reviewing court has discretion to decide that "competing considerations" weigh in favor of reaching the merits of an otherwise untimely claim. (*Lopez*, *supra*, 57 Cal.App.5th at p. 416.) In other words, even when a claim has technically been forfeited, the court may elect to rule on it anyway. We decline to do so here.

In summary, by the time the trial court reimposed the upper term, Senate Bill No. 567 had been in effect for 13 months. This is six months longer than the seven months that the *Achane* court found to be unacceptable. Furthermore, the hearing on the revocation of probation was pending and repeatedly continued for over two months prior to the February 9, 2023 hearing and order; and as of January 4, 2023, defendant possessed the probation officer's supplemental report in which the probation

10

officer recommended defendant serve the suspended prison sentence. Therefore, defendant had a fair opportunity to request the application of Senate Bill No. 567.

We acknowledge that, here, whether the trial court's imposition of the upper term qualifies as an unauthorized sentence eligible for the exception to forfeiture depends on whether a sentence imposed pursuant to a stipulated plea permits the trial court to exercise any discretion; and this question is precisely the one that the Supreme Court is poised to resolve, due to the split in authority.

As it so happens, we need not articulate our position on the question because the only possibility is that, in one scenario, defendant forfeited his claim; and in the other scenario, he is not entitled to relief under the new law. This appeal therefore must fail no matter the outcome.

## DISPOSITION

The order of the trial court is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:
CODRINGTON
J.


FIELDS
J.

11